IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

       vs.                       Case No.: 3:99-CR-0262-02 (CCC)

ANTONIO RONDON-ACOSTA

* * * * * * * * * * * * * *

MOTION FOR SOME DISPOSITION

TO THE HONORABLE CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT COURT JUDGE
DISTRICT OF PUERTO RICO

    COMES NOW, MIGUEL ANGEL ARROYO-DOMENECH, United States **Probation Officer of this Court,** presenting an official report on the conduct and attitude of the offender, Antonio Rondón-Acosta, who on August 22, 2001, was sentenced by Your Honor to serve a sixty month (60) month term of imprisonment to be followed by a four (4) year term of supervised release, after he plead guilty of violating Title 21 U.S.C. Sections 846; Conspiracy to possess with intent to distribute cocaine, cocaine base, heroin and marihuana. As special conditions of his supervision term he was ordered to submit to urinalysis, to provide financial information and to produce evidence to the office that income tax returns have been duly filed.

    On January 15, 2004, he was released from the Hogar Crea Halfway House located in Trujillo Alto, Puerto Rico.

1

On November 21, 2006, the Court was notified that the offender had violating his supervision conditions by not notifying within 72 hours of a new arrest for a domestic violence incident. The US Probation Office recommended that his supervised release conditions be modified by including home confinement for a term of three (3) months which was granted by the Court on November 30, 2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

*1. Standard Condition Number 2 - "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."*

On July 23, 2007, during an office meeting with Supervising US Probation Officer José A. Soto, the offender was instructed to contact this officer to request further reporting instructions. The offender did not contacted the US Probation Office until January 5, 2008.

Mr. Rondón-Acosta failed to submit the monthly supervision reports from July to December 2007.

*5. Standard Condition Number 6 - "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."*

On January 8, 2008, during an office meeting, the offender informed to this officer that his vehicle received several bullet impacts while he was residing in Union Street, Villa Palmeras, Santurce, Puerto Rico. Fearing for his safety, the offender stated having left his home and moved within the area of Toa Baja and Rio Piedras. When he reported to our office, he appeared having lost 40 pounds, and he was carrying his clothing in small yellow shopping bag.

*6. Standard Condition Number 11 - "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."*

According to the Commonwealth of Puerto Rico Criminal Justice Information System (CJIS), on June 27, 2007, the offender was arrested by the local law enforcement authorities for having committed two violations to Article 401 - Controlled Substance Law of the Puerto Rico Penal Code.

On July 13, 2007, Mr. Rondon-Acosta reported to our office and met with Supervising US Probation Officer José A. Soto, and the offender did not notify Mr. Soto of his new arrest.

Since August 2007, this officer attempted to contact Mr. Rondón-Acosta at his home, but the telephone service had been disconnected.

On September 27 and October 17, 2007, appointment letters were sent to the listed mailing address, but both were returned to our office.

On October 17, 2007, this officer visited the area of Villa Palmeras where Mr. Rondon-Acosta allegedly reside a with his mother and consensual partner, and I was advised by neighbors not to go into the Union Street. According to said neighbors, a new drug gang had moved in the area; they were forcing people to move out and were bringing new residents to the area; and they had already killed three subjects on the streets.

According to the Criminal Justice Information System, on November 2, 2007, the criminal charges filed against Mr. Rondon-Acosta were dismissed.

As of the filing of this motion, the urine samples collected from Mr. Rondón-Acosta have not tested positive to illegal substances.

Mr. Rondón-Acosta's supervision term expires on January 14, 2008.

**WHEREFORE**, I declare under penalty of perjury that the foregoing is true and correct. Despite Mr. Rondón-Acosta' technical violations to his supervision conditions and his failure to notify a new arrest, it is respectfully recommended that releasee's supervised release term be allowed to expire on January 14, 2008.

In San Juan, Puerto Rico, this 10th day of January 2008.

    Respectfully submitted,

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER

**s/Miguel Angel Arroyo-Domenech**
U.S. Probation Officer
Federal Office Building, Room 400
150 Chardón Avenue
San Juan, P.R. 00918
787-766-6356
Fax: 787-766-5945
Miguel_arroyo@prp.uscourts.gov

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Rosa Emilia-Rodríguez, Esq., U.S. Attorney's Office and Joseph Law, Esq., Federal Public Defender, Esq.

At San Juan, Puerto Rico, this 10th day of January 2008.

**s/Miguel A. Arroyo-Domenech**
Miguel A. Arroyo-Domenech
U.S. Probation Officer
Federal Office Building, Office 400
San Juan, PR 00918
787-766-6356
Fax: 787-766-5945
Miguel_arroyo@prp.uscourts.gov

maa/